IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACCO BRANDS USA LLC, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>PIÑEYRO Y LARA COMERCIAL S.A., *et al.*,<br><br>**Defendants**. | Civil No. 13-1917 (FAB) |

**MEMORANDUM & ORDER**

Before the Court is defendant Piñeyro y Lara of Puerto Rico, Inc. ("PyL PR")'s motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").  (Docket No. 16.)  After considering defendant's motion, as well as all relevant oppositions and replies (Docket Nos. 23 & 32), the Court now **DENIES WITHOUT PREJUDICE** the motion to dismiss and **ORDERS** jurisdictional discovery.[1]

---

[1] Also pending before the Court are PyL PR's "urgent motion requesting resolution of the Court's jurisdiction" (Docket No. 67), plaintiffs' motion to strike portions of defendants' answer and counterclaim (Docket No. 80), and plaintiffs' motion to dismiss defendant PyL PR's Law 75 counterclaim against them (Docket No. 81).  The Court **DENIES** PyL PR's "urgent motion" as superfluous. (See Docket No. 88.)  Further, because the Court declines to rule on the merits of the parties' claims while jurisdiction remains to be established, the Court **HOLDS IN ABEYANCE** plaintiffs' motion to strike and motion to dismiss. (Docket Nos. 80 & 81.)

## I. Procedural and Factual Background

Plaintiff ACCO Brands USA LLC ("ACCO") is a limited liability company organized under the laws of Delaware; ACCO is successor-in-interest to Mead Products LLC and the Consumer and Office Products division of MeadWestvaco Corporation, a subsidiary of plaintiff ACCO Brands Corporation.  Plaintiff Tilibra Produtos de Papeleria, Ltda. is a Brazilian corporation and a subsidiary of ACCO Brands Corporation.  Plaintiff ACCO Mexicana, S.A. de C.V. is a Mexican entity and a subsidiary of plaintiff ACCO Brands Corporation. Plaintiff ACCO Brands Corporation is a United States corporation incorporated in Delaware, with its principal place of business in Lake Zurich, Illinois.  (Docket No. 1 at ¶¶ 3-6.)

Defendant Piñeyro y Lara Comercial S.A. ("PyL DR") is a Dominican entity with a principal place of business in Santo Domingo, Dominican Republic.  Defendant PyL PR is a corporation organized under the laws of Puerto Rico; the parties dispute the location of its principal place of business.  (Docket No. 1 at ¶¶ 7-8.)

Plaintiffs filed a declaratory judgment action against defendants on December 13, 2013.  (Docket No. 1.)  On February 25, 2014, defendant PyL PR moved to dismiss the complaint for lack of subject matter jurisdiction. (Docket No. 32.) Defendants filed an answer to the complaint and a counterclaim against plaintiffs on

Civil No. 13-1917 (FAB)                                                3

April 14, 2014.  (Docket No. 77.)  On April 28, 2014, plaintiffs moved to strike portions of defendants' answer and counterclaim (Docket No. 80), and to dismiss PyL PR's Law 75 counterclaim against them (Docket No. 81.)

**II.  Legal Standard**

Defendant's motion to dismiss challenges the factual accuracy — rather than the sufficiency — of plaintiffs' jurisdictional allegations.  See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  Such a challenge permits the Court to engage in differential factfinding, under which the plaintiffs' "jurisdictional averments are entitled to no presumptive weight." Id.  Rather, the Court must resolve the factual disputes between the parties in order to rule on the merits of the jurisdictional claim.  Id. (internal citations omitted).  In some situations, a court presented with such a challenge may rule without a hearing, taking into consideration "whether the parties have had a full and fair opportunity to present relevant facts and arguments, and whether either party seasonably requested an evidentiary hearing." Id. at 364.

As the party asserting diversity jurisdiction, plaintiffs carry the burden of persuasion.  Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) (internal citations omitted).  "When challenged on allegations of jurisdictional facts, the parties must support their

Civil No. 13-1917 (FAB)                                                   4

allegations by competent proof." Id. at 96-97 (internal citations omitted).

**III. Discussion**

Plaintiffs assert that the Court has jurisdiction over their claims pursuant to 28 U.S.C. § 1332(a)(3), which permits federal courts to exercise diversity jurisdiction over claims between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Defendant PyL PR contends that diversity does not exist over the case because (1) its principal place of business is the Dominican Republic, destroying complete diversity; and (2) plaintiff ACCO has failed to provide sufficient information for the Court to determine its citizenship. (Docket No. 32.)

    A.   **PyL PR's Dual Corporate Citizenship**

Defendant PyL PR, as a corporation, is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c) (emphasis added). The parties agree that PyL PR is incorporated in Puerto Rico, and is a citizen of Puerto Rico for diversity purposes. A court determines a corporation's principal place of business by identifying the corporation's "'nerve center,' usually its main headquarters." Hertz Corp., 559 U.S. at 93. The parties dispute

Civil No. 13-1917 (FAB)                                         5

the location of PyL PR's principal place of business and whether it has dual citizenship for diversity purposes.

While the First Circuit Court of Appeals has not explicitly addressed the issue, other federal circuit courts of appeals agree that in order for a court to exercise diversity jurisdiction over a suit pursuant to section 1332(a)(3), a United States citizen must be present on both sides of the suit. See, e.g., Slavchev v. Royal Caribbean Cruises, Ltd., 559 F.3d 251, 254 (4th Cir. 2009) (no diversity jurisdiction pursuant to section 1332(a)(2) over a suit between a citizen of Bulgaria and a corporation that was incorporated under Liberian laws and had its principal place of business in Florida); U.S. Motors v. Gen. Motors Europe, 551 F.3d 420, 422 (6th Cir. 2008) (section 1332(a)(3) requires there to be a U.S. citizen on both sides of the dispute); Universal Licensing Corp. v. Paola Del Lungo S.P.A., 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [sections 1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 496-500 (3d Cir. 1997) (concluding that diversity may stand where aliens appear on both sides of the dispute, as long as a U.S. citizen also appears on both sides); Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 10

F.3d 425, 428 (7th Cir. 1993) (diversity jurisdiction existed pursuant to section 1332(a)(3) over a suit where U.S. citizens appeared on both sides); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd. without opinion, 13 F.3d 409 (11th Cir. 1994) (no diversity jurisdiction between Costa Rican corporation with principal place of business in Florida and defendant who was a U.S. citizen but not a citizen of a particular state); Kuehne & Nagel v. Geosource, Inc., 874 F.2d 283, 290-91 (5th Cir. 1989) (no diversity jurisdiction over a suit by a West German plaintiff against corporations incorporated in Texas and the Cayman Islands); Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1299 (6th Cir. 2008) (no diversity jurisdiction over a suit by foreigners against U.S. and alien corporations). See also 15 James W. Moore *et al.*, Moore's Federal Practice § 102.55 (3d ed. 2003) ("The alien citizenship destroys diversity if there is an alien on the other side of the case and there are not citizens of states on both sides.")

      The Court follows this predominant approach, and holds that for diversity jurisdiction to exist in this case pursuant to section 1332(a)(3) there must be a United States citizen on each side of the dispute. See Engstrom v. Hornseth, 959 F. Supp. 545, 548 n.10 (D.P.R. 1997) (Dominguez, J.). This, however, does not end the Court's inquiry. Because the parties dispute whether PyL

PR is a citizen of the United States, or a dual citizen of the United States and the Dominican Republic, the Court must determine whether a party with dual corporate citizenship can satisfy, on its own, section 1332(a)(3)'s diversity requirements.  To the Court's knowledge, no federal court has addressed this issue since Congress amended the diversity statute in 2012 to provide for dual corporate citizenship.  See Pub. L. No. 112-63, § 102, 125 Stat. 758 (2001) ("any State" replaced with "every State and foreign state" and "the State" replaced with "the State or foreign state").  The reasoning of federal courts that previously addressed the issue, however, convinces the Court of the need to examine PyL PR's dual citizenship.  See Caribbean Telecomm. Ltd. v. Guyana Tel. & Tel. Co., 594 F. Supp. 2d 522, 530-31 (D.N.J. 2009) (holding that a dual-citizen alien corporation does not satisfy section 1332(a)(3)'s minimal diversity requirement); IGY Ocean Bay Prop., Ltd. v. Ocean Bay Prop. I Ltd., 534 F. Supp. 2d 446, 449-50 (S.D.N.Y. 2008) ("If diversity fails under either of the parties' citizenships, then diversity fails overall."); Grunblatt v. UnumProvident Corp., 270 F. Supp. 2d 347, 351 (E.D.N.Y. 2003) ("[T]he principal place of business prong does not replace the citizenship of the state of incorporation; it merely adds another state of citizenship — *either* of which could destroy diversity.") (emphasis in original); Hercules, Inc. v. Dynamic Export Corp., 71

Civil No. 13-1917 (FAB)                                                    8

F.R.D. 101, 107 (S.D.N.Y. 1976) (stating in dicta that section 1332(c) "creates a principle of dual citizenship, not one of alternative citizenship.")

In light of the recent amendment to the diversity statute — which sought to limit rather than expand the availability of diversity jurisdiction — the Court agrees that the statute "does not permit domestic corporations to select among their two jurisdictional citizenships in order to preserve or defeat diversity." Caribbean Telecom., 594 F. Supp. 2d at 530. Rather, "[d]iversity must be satisfied by both corporate citizenship designations." Id. (citing Panalpina Welttransport GmBh v. Geosource, Inc., 762 F.2d 352, 354 (5th Cir. 1985) ("A party cannot . . . pick and choose among the places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction. Such a practice would be contrary to the historical intent of Congress.")).

Here, PyL PR is incorporated in Puerto Rico; its principal place of business is either in Puerto Rico or the Dominican Republic.  If jurisdictional evidence establishes that defendant PyL PR's principal place of business is the Dominican Republic, as defendant contends, defendant would have dual citizenship, Puerto Rico, because of its incorporation, and the Dominican Republic, because of its principal place of business.

Civil No. 13-1917 (FAB)                                                                  9

Plaintiffs would not be permitted to choose one of PyL PR's two citizenships in order to satisfy section 1332(a)(3)'s minimal diversity requirement; diversity would fail because PyL PR's foreign citizenship would result in no United States citizen appearing on the defendants' side of the suit.  On the other hand, if jurisdictional evidence establishes that defendant PyL PR's principal place of business is Puerto Rico, as plaintiffs assert, diversity exists.

In support of its motion to dismiss, defendant PyL PR produced evidence that its "nerve center" is in Santo Domingo, Dominican Republic.  At this time, plaintiff has not provided the Court with sufficient evidence to satisfy its burden of establishing that diversity exists — namely, that PyL PR's principal place of business is in fact Puerto Rico.  The Court permits the parties, however, to conduct further jurisdictional discovery on the issue of PyL PR's "nerve center," and to file final dispositive jurisdictional motions by **August 15, 2014.** Defendant's motion to dismiss (Docket No. 32) is accordingly **DENIED WITHOUT PREJUDICE.**

    **B.   ACCO's Citizenship**

Defendant PyL PR also requests information regarding the citizenship of ACCO, which it claims plaintiffs have failed to provide.  (Docket No. 32.)  Plaintiff ACCO is a limited liability

company organized under the laws of Delaware.[2]  The citizenship of a limited liability company "is determined by the citizenship of all of its members."  D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (internal quotations and citations omitted).  ACCO has clarified to defendants and the Court that all of its members live in the United States, and none reside in Puerto Rico or the Dominican Republic.  (Docket No. 23-11.)  This negative information fails to establish the Court's jurisdiction.  See id. at 125.  Accordingly, the Court **ORDERS** plaintiffs to provide, **no later than July 3, 2014,** an affidavit of jurisdictional facts describing its members' identities and places of citizenship.

**IV. Conclusion**

For the reasons articulated above, the Court does not have sufficient information to make a determination regarding the parties' citizenship.  In order to ensure that the parties have had a full and fair opportunity to present relevant facts and arguments regarding jurisdiction, see Valentin, 254 F. 3d at 364, the Court **DENIES WITHOUT PREJUDICE** defendant's motion to dismiss (Docket No. 32), and allows the parties to conduct jurisdictional discovery

---

[2] ACCO mistakenly referred to itself in the complaint as a corporation, and stated that it was incorporated in Delaware with a principal place of business in Dayton, OH.  (Docket No. 1 at ¶ 3.)

Civil No. 13-1917 (FAB)                                                11

concurrently with ongoing discovery.[3]  Dispositive jurisdictional motions shall be filed no later than **August 15, 2014**; responses to those motions shall be filed by **August 29, 2014**; no replies will be filed without prior leave of Court.  Furthermore, plaintiff ACCO shall provide the Court with an affidavit detailing its members' names and places of citizenship **no later than July 3, 2014.**

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, June 24, 2014.

                                             s/ Francisco A. Besosa
                                             FRANCISCO A. BESOSA
                                             UNITED STATES DISTRICT JUDGE

---

[3] The discovery deadline is February 11, 2015. (Docket No. 56.)